1 | THEODORA R. LEE, Bar No. 129892
LITTLER MENDELSON
2 | A Professional Corporation
650 California Street
3 | 20th Floor
San Francisco, CA  94108.2693
4 | Telephone:    415.433.1940
Fax No.:        415.399.8490
5 |
LENA K. SIMS, Bar No. 212904
6 | LITTLER MENDELSON
A Professional Corporation
7 | 501 West Broadway
Suite 900
8 | San Diego, CA  92101-3577
Telephone:    619.232.0441
9 | Fax No.:        619.232.4302

10 | Attorneys for Defendant
STRYKER SALES CORPORATION

11

FILED

10 JUL 30  AM10: 01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

12 |                  UNITED STATES DISTRICT COURT

13 |              SOUTHERN DISTRICT OF CALIFORNIA

14 | RHODA SKEEN, on behalf of herself, and   Case No. **10 CV 1592 JAH        BLM**
on behalf of all persons similarly situated,

15 |                                            **DEFENDANT'S NOTICE OF REMOVAL**
**OF CIVIL ACTION ON BASIS OF**
16 |              Plaintiff,                     **DIVERSITY JURISDICTION PURSUANT**
**TO 28 U.S.C. §§ 1332 (a), 1441 (b) AND 1446**
17 |      v.

18 | STRYKER SALES CORPORATION, a
Michigan Corporation; DOES 1 to 100,
19 | Inclusive,

20 |              Defendant.

21 | **TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE SOUTHERN**

22 | **DISTRICT OF CALIFORNIA:**

23 |          **PLEASE TAKE NOTICE** that Defendant STRYKER SALES CORPORATION

24 | ("Defendant"), contemporaneously with the filing of this Notice, hereby effect  removal of the below

25 | referenced action from the Superior Court of the State of California for the County of San Diego to

26 | the United States District Court for the Southern District of California.  This removal is based on 28

27 | U.S.C. sections 1332(a), 1441(b), and 1446 due to diversity of citizenship between the parties, and,

28 | specifically, on the following grounds:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION (CASE NO._____)

**PLEADINGS, PROCESS AND ORDERS**

1. On June 17, 2010, Plaintiff Rhoda Skeen filed a Class Action Complaint in the Superior Court of the State of California for the County of San Diego entitled: *Rhoda Skeen, on behalf of herself, and on behalf of all persons similarly situated, Plaintiff v. Stryker Sales Corporation, a Michigan Corporation, DOES 1 to 100, Inclusive,* Case No. 37-2010-00094334-CU-OE-CTL (*hereinafter* "the Complaint"). The Complaint alleged eight causes of action for: (1) Unfair Competition in Violation of California Business & Professions Code § 17200, *et seq.*; (2) Failure to Indemnify in Violation of California Labor Code § 2802; (3) Violation of California Labor Code § 204; (4) Breach of Contract; (5) Breach of the Implied Covenant of Good Faith and Fair Dealing; (6) Violation of Labor Code § 226; (7) Unfair Competition in Violation of California Business & Professions Code § 17200, *et seq.*; and (8) Declaratory Relief. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2. On July 2, 2010, Defendant was served a copy of the Complaint via its agent for service of process, CT Corporation. At the same time, Defendant also received a June 30, 2010 Letter, the Summons, Civil Case Cover Sheet, Notice of Case Assignment and Notice to Litigants/ADR Information Package. A true and correct copy of the Letter, Summons, Civil Case Cover Sheet, Notice of Case Assignment and Notice to Litigants/ADR Information Package are attached as Exhibits B, C, D, E & F respectively.

3. On July 28, 2010, Defendant served and filed its Answer to the Complaint in the Superior Court of the State of California for the County of San Diego. A true and correct copy of Defendant's Answer is attached hereto as Exhibit G.

4. The Complaint, Letter, Summons, Civil Case Cover Sheet, Notice of Case Assignment, Notice to Litigants/ADR Information Package and Answer, which are attached hereto, are the only pleadings, process or orders served or filed in the state action. Moreover, no further proceedings have been conducted in this case in the Superior Court of the County of San Diego. Accordingly, the requirements of 28 U.S.C. § 1446(a) have been satisfied.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION (CASE NO. _____ )

## REMOVAL BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION

5.  28 U.S.C. § 1332(a) provides in relevant part as follows:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

> (1) citizens of different states[.]

6.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Sections 1441(a) and 1446, in that it is a civil action between citizens of two different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. As set forth below, this case also meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

7.  Defendant is informed and believes that named Plaintiff Rhoda Skeen is, both at the time of the filing of this action and currently, a resident and citizen of the County of San Diego, State of California. (Exh. A, Complaint, ¶ 10.)

8.  Defendant Stryker Sales Corporation was at the time of the filing of the state court action, and remains today, a corporation incorporated under the laws of the State of Michigan, with its principal place of business in the State of Michigan. (Exh. A, Complaint ¶ 12) Accordingly, Defendant is not a citizen of the State of California and is, in fact, a citizen of a different state than that of the named Plaintiff.

9.  As demonstrated, Plaintiff and Defendant are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a).

10.  Federal law permits removal in diversity cases only if all defendants join in the petition. As the foregoing demonstrates, there is one Defendant to this action: Stryker Sales Corporation. All named Defendants have been served. This Notice of Removal is brought on behalf of all Defendants.

11.  Defendants Does 1 through 100 are fictitious. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION (CASE NO. _____)

1   purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between

2   the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

3                    **AMOUNT IN CONTROVERSY UNDER SECTION 1332(a)**

4            12. Plaintiff's Complaint seeks compensatory damages, restitution, as well as

5   statutory damages and penalties for the four years prior to this action's filing date through the date of

6   this action's final disposition. (Exh. A, Complaint ¶¶ 14-31, Prayer for Relief p. 23.)  Plaintiff's

7   claims are based upon the allegations that Defendant violated California Business & Professions

8   Code § 17200; failed to provide full reimbursement of actual business expenses incurred in the

9   discharge of duties in violation of California Labor Code § 2802; failed to timely pay earned

10  commissions in violation of Labor Code §204; violated the employment agreement by failure to pay

11  earned commissions as agreed and manipulated and miscalculated sales figures so as to delay or

12  deny the payment of earned commission wages; and violated Labor Code § 226 by failing to provide

13  accurate itemized wage statements. (Exh. A, Complaint ¶ 16.)

14           13. However, Plaintiff's Complaint is silent as to the total amount of monetary relief

15  claimed.  The failure of the Complaint to specify the total amount of monetary relief sought

16  personally by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins.*

17  *Co.*, 861 F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove suit to federal court

18  notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules

19  were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar

20  claim upon its claim").   Defendant need only establish by a preponderance of evidence that

21  Plaintiff's claims exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.* 102

22  F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th

23  Cir. 1997).

24           14. Plaintiff filed this case in state court as an unlimited jurisdiction matter (e.g.,

25  Plaintiff alleges that the amount in controversy exceeds $25,000) (*See* State Civil Cover Sheet,

26  attached hereto as Exh. D.)

27           15. Based on the four-year limitations period alleged to be at issue in this case, with

28  regard to Plaintiff's individual claims, there are approximately 48 months at issue during the

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION (CASE NO. _____)

statutory period.  Business & Professions Code § 17204.  Plaintiff is a current employee of Stryker. In 2009, based on a hire date of March 15, 2009, Plaintiff was paid $53,409.63 in wages.  So far, in 2010, Plaintiff has been paid a total of $34,265.49 in wages.  (Declaration of June Stevens in Support of Defendant's Notice of Removal of Civil Action on the Basis of Diversity Jurisdiction, ¶ 3, attached hereto as Exh. H).  Accordingly, Plaintiff's individual wage claim based solely on sixteen months of commissions would exceed the jurisdictional requirement.

16. Plaintiff also seeks reimbursement for actual expenses incurred for printing, required computers, internet access, shipping, insurance, out of town hotels, equipment storage, MedSurg Equipment costs, marketing, auto accidents, ink and toner, as well as personal vehicle expenses (Exh. A, Complaint ¶¶ 6-7)  Although Plaintiff does not specify the actual amounts, these expenses could well exceed the jurisdictional amount.

17. Plaintiff also alleges that she is entitled to damages and penalties for claimed violations of Labor Code § 226(a), which requires an employer to furnish accurate itemized wage statements to its employees.  (Exh. A, Complaint, ¶¶ 65-68.)  Labor Code § 226(e) provides as follows:

> "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an aware of costs and reasonable attorneys fees. Cal. Labor Code § 226(e).

Per Plaintiff's Complaint, the statutory period is from June 17, 2006 to the present.  (Exh. A, Complaint, ¶ 14.)  Therefore, Plaintiff's personal claim for statutory penalties under Labor Code § 226 is $4000.00 (Plaintiff is provided the $4000.00 maximum penalty per employee). (Exh. A, Complaint ¶ 68).

18. Compensatory (actual) damages, special damages and potential punitive damages may be considered when determining the amount in controversy.  *Bell v. Preferred Life Assur. Soc'y of Alabama,* 320 U.S. 238, 241 (1943); *Bassett v. Toyota Motor Credit Corp.,* 818 F. Supp. 1462, 1464-65 (S.D. Ala. 1993); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Coleman v.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION (CASE NO. _____)

1    *Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive

2    damages are part of the amount in controversy in a civil action" (*citing Gison v. Chrysler Corp.*, 261

3    F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal.

4    1995) (general and special damages included in the amount in controversy).

5          19. In addition, Plaintiff also seeks an award of attorneys' fees. (Exh. A, Complaint,

6    Prayer for Relief ¶ p. 23.)   It is well-settled that in determining whether a complaint meets the

7    amount in controversy requirement, the Court should consider attorneys' fees. *See, e.g., Bell v.*

8    *Preferred Life*, 320 U.S. 238, 240; *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.

9    1982) (attorneys' fees may be taken into account to determine jurisdictional amounts); *Galt G/S v.*

10    *JSS Scandinavia*, 142 F. 3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in

11    determining the amount in controversy where potentially recoverable by statute); *Brady v.*

12    *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the

13    amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail in

14    determining whether amount in controversy exceeds $75,000.00).

15          20. Based on the foregoing, Defendant has abundantly carried its burden of

16    demonstrating by a preponderance of the evidence that the amount in controversy in this matter

17    clearly exceeds the jurisdictional minimum of $75,000.00.

18          21. Removal of this action is therefore proper as the aggregate value of Plaintiff's

19    claims for unpaid wages and statutory penalties, *exclusive* of interests and costs, is well in excess of

20    the $75,000.00 jurisdictional requirement. *See* 28 U.S.C. § 1332(a).

21          22. For these reasons, this action is a civil action over which this Court has original

22    jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to this

23    Court pursuant to 28 U.S.C. section 1441(a), in that is a civil action wherein the matter in

24    controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of

25    different states.

26                 **TIMELINESS OF REMOVAL**

27          23. This removal is timely because it is filed within thirty (30) days from the date that

28    Defendant was first served with copies of the Summons and Complaint, and within one year from

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION (CASE NO. _____)

1    the commencement of this action as required under 28 U.S.C. §1446(b).  *See Murphy Bros., Inc. v.*

2    *Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (timeliness of removal determined based on

3    date service perfected under state law, not date defendant first learns of complaint).

**JURISDICTION**

5        24. This District Court has jurisdiction over all the parties and its territorial

6    jurisdiction embraces the place where the Superior Court Action is pending.  Venue is proper in this

7    Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

**NOTICE TO PLAINTIFF**

9        25. Contemporaneously with the filing of this Notice of Removal in the United States

10    District Court for the Southern District of California, written notice of such filing will be given by

11    the undersigned to Plaintiff's counsel of record (Norman B. Blumenthal, Kyle R. Nordrehaug,

12    Aparajit Bhowmik of Blumenthal, Nordrehaug & Bhowmik) and a copy of Notice of Removal will

13    be filed with the Clerk of the Court for the Superior Court of the County of San Diego, California.

14        26. WHEREFORE, having provided notice as required by law, the above-entitled

15    action should be removed from the San Diego County Superior Court.

16    Dated: July 29, 2010

19    THEODORA R. LEE
20    LITTLER MENDELSON
      A Professional Corporation
      Attorneys for Defendant
      STRYKER SALES CORPORATION

22    Firmwide:96382341.1 028459.1039

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

7.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION (CASE NO. _____)

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2010 JUN 17 P 2: 53

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RHODA SKEEN, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STRYKER SALES CORPORATION, a Michigan Corporation; DOES 1 to 100, Inclusive,<br><br><br>Defendants. | CASE No. __37-2010-00094334-CU-OE-CTL__<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*;<br>2. FAILURE TO INDEMNIFY IN VIOLATION OF CAL. LAB. CODE § 2802;<br>3. VIOLATION OF CAL. LAB. CODE §204;<br>4. BREACH OF CONTRACT;<br>5. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>6. VIOLATION OF LABOR CODE § 226;<br>7. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*; and,<br>8. DECLARATORY RELIEF<br><br>DEMAND FOR A JURY TRIAL |

1
COMPLAINT

1    Plaintiff Rhoda Skeen alleges the following based upon her personal knowledge and information

2    and belief:

3

4                    **NATURE OF THE ACTION**

5       1.    Plaintiff Rhoda Skeen ("PLAINTIFF") brings this class action on behalf of herself

6    and a class consisting of all individuals who are or previously were employed by Defendant Stryker

7    Sales Corporation (hereinafter referred to as "DEFENDANT") in California as a MedSurg Equipment

8    sales person during the CLASS PERIOD as hereinafter defined (the "CLASS").  PLAINTIFF brings

9    this class action to remedy the DEFENDANT's unlawful employment practices which fail to indemnify

10    these employees for business expenses and constitute unfair competition.  DEFENDANT also fails to

11    correctly and timely pay commission wages to these employees as required by the uniform employment

12    agreement and California law.  In addition, DEFENDANT's conduct towards these employees seeks

13    to deprive the employees of the benefits of her employment agreement with DEFENDANT, and in so

14    doing, DEFENDANT violated the implied covenant of good faith a fair dealing.

15       2.    Defendant Stryker Sales Corporation is a Michigan corporation with headquarters in the

16    State of Michigan, and is a subsidiary of Stryker Corporation.  According to public filings Styker Sales

17    Corporation purports to be one of the world's leading medical technology companies.  The

18    technological products include implants, surgical equipment, endoscopic and communications systems,

19    patient handling and emergency medical equipment and other medical device products.

20       3.    DEFENDANT was incorporated in 1946.  Today, the DEFENDANT's business is

21    segregated into two business segments: Orthopaedic Implants and MedSurg Equipment.  The

22    Orthopaedic Implants segment sells orthopaedic reconstructive (hip and knee), trauma and spinal

23    implant systems and other related products. The MedSurg Equipment segment sells surgical equipment

24    and surgical navigation systems, endoscopic and communication systems, patient handling equipment

25    and emergency medical equipment.

26       4.    To sell the MedSurg Equipment, DEFENDANT employs the members of the CLASS

27    as outside sales people to market and sell the MedSurg Equipment products and compensates these

28

1   employees using a commission structure.  To perform their work duties, the members of the CLASS

2   incur substantial business expenses, including, but not limited to reasonable expenses incurred for

3   printing, required computers, internet access, shipping, vehicle usage, insurance, out of town hotels,

4   MedSurg Equipment storage, MedSurg Equipment costs, marketing, auto accidents, ink and toner.

5       5.      Individuals employed in California as MedSurg Equipment sales people are and were

6   employees classified as exempt outside salespersons by DEFENDANT and are therefore entitled to

7   reimbursement for these out-of-pocket expenses spent in discharge of services for the employer's

8   benefit.

9       6.      Although DEFENDANT requires these employees to incur expenditures in the direct

10  consequence of the discharge of their employment duties, DEFENDANT systematically and uniformly

11  fails to provide reimbursement and indemnification to these employees for such expenditures as

12  required by law.  The expenditures for which DEFENDANT refuses to provide full reimbursement

13  include, but are not limited to, expenses incurred for printing, required computers, internet access,

14  shipping, insurance, out of town hotels during sales work, the full cost of hotels during conferences,

15  MedSurg Equipment storage, MedSurg Equipment costs, marketing, auto accidents, ink and toner.

16  DEFENDANT also fails to have proper reimbursement procedures for employees to obtain

17  reimbursement of these expenses.

18      7.      The employees in the CLASS are also required to use their personal vehicle in the

19  performance of their duties.  DEFENDANT pays these employees a maximum of $500 per month for

20  personal vehicle usage, however, this amount paid by DEFENDANT is insufficient to fully reimburse

21  these employees for the expenses incurred in their personal vehicle usage.  The amount is insufficient

22  because of the significant vehicle usage required to perform their sales work, which expenses include

23  the purchase or lease expense, mileage expenses, increased gas expenses, wear and tear expenses, and

24  insurance expenses.  In addition, the amount paid by DEFENDANT is insufficient because of the type

25  of vehicle required in order to transport MedSurg Equipment to the customer for trial and marketing

26  purposes.  The employees in the CLASS are required to obtain a specialty vehicle in order to perform

27  their duties, which vehicle is often purchased by the employee for this purpose.  These speciality

28

                                         3

1   vehicles include an oversize van, like a Sprinter, a large SUV, such as a Land Rover, or even a hearse.

2   In the case of PLAINTIFF, PLAINTIFF purchased a large SUV.

3        8.    PLAINTIFF, on behalf of herself and the CLASS of MedSurg Equipment sales

4   employees, seeks to have all such employees fully indemnified and/or reimbursed for all of their

5   expenditures incurred in the performance of their duties for DEFENDANT.

6        9.    PLAINTIFF, on behalf of herself individually, also seeks recovery for damages

7   incurred as a result of the DEFENDANT's conduct which intentionally deprived PLAINTIFF of the

8   benefits of her employment agreement with DEFENDANT.  DEFENDANT began to affirmatively

9   deprive PLAINTIFF of the benefits of her employment agreement with DEFENDANT after Plaintiff

10   submitted claims workers' compensation.  The claims for workers' compensation arose when

11   PLAINTIFF's immediate supervisor dropped equipment on the hand of PLAINTIFF and then did not

12   permit PLAINTIFF to seek medical assistance until after the workday was over and when PLAINTIFF

13   was involved in an auto accident while working. Thereafter, PLAINTIFF submitted workers'

14   compensation claims and complained to DEFENDANT's human resources department.  In response

15   to PLAINTIFF's good faith exercise of her rights under California law, DEFENDANT has instituted

16   a policy and practice of conduct intended to intentionally deprive PLAINTIFF of the benefits of her

17   employment agreement.

18

19                             **PARTIES**

20        10.    Plaintiff Rhoda Skeen began employment with DEFENDANT as a MedSurg

21   Equipment sales person in California in or around March 2009 and continued to be employed in this

22   position to the present.  PLAINTIFF is currently employed by DEFENDANT.  PLAINTIFF resides in

23   San Diego County, California.

24        11.    PLAINTIFF incurred expenses in direct consequence of the discharge of her duties

25   for DEFENDANT.  These expenses include the reasonable expenses incurred for printing, required

26   computers, internet access, shipping, vehicle usage, insurance, out of town hotels, MedSurg Equipment

27   storage, MedSurg Equipment costs, marketing, auto accidents, ink and toner. PLAINTIFF continues

28

1  to incur these expenses presently and expects to continue to incur these expenses in the future.

2  DEFENDANT refused and failed to reimburse PLAINTIFF for these expenses incurred in direct

3. consequence of performing her sales duties for DEFENDANT. DEFENDANT's official corporate

4  policy and practice was to not reimburse these employees for these business expenses, except for the

5  $500 monthly reimbursement for travel related expenses, which is insufficient and does not fully

6  reimburse employees for their vehicle and travel expenses. DEFENDANT also imposes unwritten

7  limitations on expense reimbursement which do not comply with California law, such as timing

8  requirements and unreasonable delays on payment.

9      12.    DEFENDANT is a corporation incorporated under the laws of Michigan and with a

10  principal place of business and headquarters in the State of Michigan. At all relevant times,

11  DEFENDANT was and is the employer of PLAINTIFF and the other MedSurg Equipment sales people.

12  DEFENDANT conducted and continues to conduct substantial and regular business in San Diego

13  County, California, and throughout California. DEFENDANT also conducted and continues to conduct

14  business throughout the United States and is an enterprise engaged in interstate commerce.

15      13.    The Defendants named in this Complaint, including Does 1 through 100, inclusive,

16  are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other

17  defendants and that each defendant was acting within the course of scope of his, her or its authority as

18  the agent, servant and/or employee of each of the other defendants. Consequently, all the defendants

19  are jointly and severally liable to the PLAINTIFF and the other members of the CLASS, for the losses

20  sustained as a proximate result of conduct alleged herein.

21

22  **CLASS ACTION ALLEGATIONS**

23      14.    PLAINTIFF brings the First, Second, Third, Fourth, Fifth and Sixth Causes of Action

24  on behalf of herself in her individual capacity and also on behalf of a class consisting of all MedSurg

25  Equipment sales people employed by DEFENDANT in California during the period commencing on

26  the date that is four years prior to the filing of this action and ending on the class period cutoff date (the

27  "CLASS PERIOD"). This class is hereinafter referred to as the "CLASS."

28

5

COMPLAINT

15.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code") intentionally, knowingly, and systematically failed to provide PLAINTIFF and the other members of the CLASS with full reimbursement of actual business expenses incurred in discharge of their duties, for which amounts DEFENDANT is now liable, along with interest and statutory costs.  In addition, DEFENDANT fails to correctly and timely pay earned commissions to PLAINTIFF and the other members of the CLASS. To the extent equitable tolling operates to toll claims by the CLASS against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

16.     DEFENDANT violated the rights of the CLASS under California law by:

(a)     Committing an act of unfair competition in violation of the California Labor Code, by failing to reimburse PLAINTIFF and the members of the CLASS for expenses incurred in direct consequence of the discharge of their duties for DEFENDANT.

(b)     Imposing limitations and restrictions on business expenses reimbursement which do not comply with California law.

(c)     Violating Cal. Lab. Code § 2802, by failing to provide PLAINTIFF and the members of the CLASS with reimbursement of expenses incurred by these employees in the discharge of their duties as an employee of DEFENDANT.

(d)     Violating Cal. Labor Code §204 by failing to timely pay earned commission wages to employees.

(e)     Violating the employment agreements of the members of the CLASS by failing to pay earned commission wages as agreed.

(f)     Manipulating and/or miscalculating sales figures so as to delay or deny payment of earned commission wages.

(g)     Committing an act of unfair competition by violating Cal. Lab. Code § 226 by failing to provide PLAINTIFFS and the members of the CLASS with an accurate itemized statement in writing showing the gross wages earned.

6
COMPLAINT

17. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure §382, in that:

(a) The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CLASS and will apply uniformly to every member of the CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CLASS.   PLAINTIFF, like all other members of the CLASS, was denied reimbursement of expenses incurred in discharge of her duties because of DEFENDANT's company policies and practices, and was subjected to the same expense policies and practices of DEFENDANT.   PLAINTIFF sustained economic injuries arising from DEFENDANTS' violations of the laws of California.   PLAINTIFF and the members of the CLASS are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT.

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CLASS, and has retained counsel who are competent and experienced in class action litigation.   There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CLASS that would make class certification inappropriate.   Counsel for the CLASS will vigorously assert the claims of all Class Members.

18. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to California Code of Civil Procedure §382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions

7

COMPLAINT

1          by individual members of the CLASS will create the risk of:

2              1)    Inconsistent or varying adjudications with respect to individual members

3                    of the CLASS which would establish incompatible standards of conduct

4                    for the parties opposing the CLASS; or,

5              2)    Adjudication with respect to individual members of the CLASS which

6                    would as a practical matter be dispositive of interests of the other

7                    members not party to the adjudication or substantially impair or impede

8                    their ability to protect their interests.

9      (b)    The parties opposing the CLASS have acted on grounds generally applicable to

10            the CLASS, making appropriate class-wide relief with respect to the CLASS as

11            a whole in that the DEFENDANT's company policies and practices deny

12            reimbursement of expenses to MedSurg Equipment sales persons;

13     (c)    Common questions of law and fact exist as to the members of the CLASS and

14            predominate over any question affecting only individual members, and a Class

15            Action is superior to other available methods for the fair and efficient

16            adjudication of the controversy, including consideration of:

17             1)    The interests of the members of the CLASS in individually controlling

18                    the prosecution or defense of separate actions;

19             2)    The extent and nature of any litigation concerning the controversy

20                    already commenced by or against members of the CLASS;

21             3)    The desirability or undesirability of concentrating the litigation of the

22                    claims in the particular forum;

23             4)    The difficulties likely to be encountered in the management of a Class

24                    Action; and,

25             5)    The basis of DEFENDANTS policies and practices uniformly applied to

26                    all members of the CLASS.

27     19.    This Court should permit this action to be maintained as a Class Action pursuant to

28

1  California Code of Civil Procedure §382 because:

2     (a)   The questions of law and fact common to the CLASS predominate over any

3         question affecting only individual members;

4     (b)   A Class Action is superior to any other available method for the fair and efficient

5         adjudication of the claims of the members of the CLASS;

6     (c)   The members of the CLASS are so numerous that it is impractical to bring all

7         members of the CLASS before the Court;

8     (d)   PLAINTIFF, and the other CLASS members, will not be able to obtain effective

9         and economic legal redress unless the action is maintained as a Class Action;

10     (e)   There is a community of interest in obtaining appropriate legal and equitable

11         relief for the common law and statutory violations and other improprieties, and

12         in obtaining adequate compensation for the damages and injuries which

13         DEFENDANTS' actions have inflicted upon the CLASS;

14     (f)   DEFENDANTS have acted or refused to act on grounds generally applicable to

15         the CLASS, thereby making final class-wide relief appropriate with respect to

16         the CLASS as a whole; and

17     (g)   The members of the CLASS are readily ascertainable from the business records

18         of the DEFENDANTS.   The CLASS consists of all of DEFENDANTS'

19         employees employed as a MedSurg Equipment sales person in California during

20         the applicable time period.

21

22               **GENERAL ALLEGATIONS**

23  20.   DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

24  violation of the applicable California Labor Code ("Labor Code"), intentionally, knowingly, and

25  wilfully, had in place uniform company policies and practices which denied sales employees

26  reimbursement of business expenses incurred.  These policies and practices of DEFENDANT were

27  intended to purposefully avoid the payment of expense reimbursement so that DEFENDANT could

28

9
COMPLAINT

1  illegally profit.

2      21.     DEFENDANTS have intentionally and deliberately created numerous job levels and

3  a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in fact,

4  these jobs are substantially similar and can be easily grouped together for the purpose of determining

5  whether they are entitled to the relief sought here. The claims of all sales employees can be adjudicated

6  together as a group because of DEFENDANT's systematic and uniform policies and practices applied

7  to these employees

8      22.     DEFENDANT maintains records from which the Court can ascertain and identify

9  each of DEFENDANT's employees who as CLASS members, have been systematically, intentionally

10  and uniformly subjected to the policies and practices challenged herein as a matter of DEFENDANTS'

11  corporate policy, practice and procedure. To the extent DEFENDANTS' have assigned job titles, other

12  than those identified herein, to employees subjected to the practices herein alleged, PLAINTIFF will

13  seek leave to amend the complaint to include any additional job titles when they have been identified.

14      23.     PLAINTIFF was hired by DEFENDANT and into the position of a MedSurg Equipment

15  sales person in California with the territory consisting of San Diego, Riverside, San Bernardino and

16  Imperial counties.   To perform their job duties, MedSurg Equipment sales people were uniformly

17  required to maintain and deliver MedSurg Equipment for customer trials or demonstrations.  These

18  employees were therefore required to utilize their own personal vehicle to transport the equipment and

19  to make sales and other customer service visits to the customers.  Because of the large, heavy and or

20  bulky nature of the equipment, the employee must possess and use a personal vehicle that meets certain

21  size requirements and specifications.  Further, the size of the territories results in substantial vehicle

22  usage and travel expense. DEFENDANT's policy and practice was to provide only $500 per month as

23  travel reimbursement to these employees, irrespective of the actual expense incurred by the employee.

24  PLAINTIFF and the other employees in the CLASS incurred expenses related to vehicle usage and

25  travel far in excess of the $500 limit, yet DEFENDANT refused and refuses to provide reimbursement

26  sufficient to cover the actual expenses incurred.

27      24.     DEFENDANT failed and continues to fail to monitor the vehicle usage so as to insure

28

1    that employees are provided with sufficient reimbursement. In fact, DEFENDANT knows that the $500

2    amount is not sufficient, because DEFENDANT previously provided reimbursement of $800 per month

3    several years ago, but has since reduced the reimbursement amount even though DEFENDANT knows

4    that the expenses associated with vehicle operation and usage have increased each year.

5         25.    In the case of PLAINTIFF, to perform the duties DEFENDANT requires, PLAINTIFF

6    was required to purchase a new vehicle that could carry the MedSurg Equipment. This vehicle purchase

7    cost was at least $700 per month, not including the expense of gas, insurance and licensing.

8         26.    DEFENDANT also has a policy and practice of failing to provide full reimbursement

9    of actual expenses incurred by the employees, other than the $500 travel expense reimbursement

10   discussed above. DEFENDANT refuses to provide full reimbursement for actual expenses incurred by

11   employees for printing, required computers, internet access, shipping, insurance, out of town hotels,

12   MedSurg Equipment storage, MedSurg Equipment costs, marketing, auto accidents, ink and toner.

13   DEFENDANT requires that PLAINTIFF and other employees in the CLASS incur these business

14.  expenses and yet fails to provide any reimbursement of these expenses. DEFENDANT has no proper

15   procedure or mechanism to provide employees with full reimbursement for these expenses.

16        27.    With respect to the required computer, DEFENDANT instructs employees to obtain a

17   required computer for use in the performance of their duties.  The computer must meet certain

18   requirements, and DEFENDANT regularly accesses the computer remotely.  As a result, employees

19   must also maintain and phone line and/or broadband access to meet DEFENDANT's requirements.

20   DEFENDANT refuses to provide reimbursement of any of these expenses. In fact, DEFENDANT will

21   advance the expense of the computer, but will then make illegal deductions from the wages of the

22   employees to recover the advance of the computer expense. These deductions also violate Labor Code

23   §221.

24        28.    In the case of PLAINTIFF, to perform the duties DEFENDANT requires, PLAINTIFF

25   was required to purchase a new lap top computer and maintain telephone lines and broadband access

26   to meet the requirements of DEFENDANT.  DEFENDANT made illegal deductions from the wages

27.  of PLAINTIFF and has refused to provide reimbursement of these expenses to PLAINTIFF.

28

11
COMPLAINT

29.    PLAINTIFF has also incurred expenses for printing, shipping, insurance, out of town hotels, MedSurg Equipment storage, marketing, auto accidents while performing work duties, ink and toner.  PLAINTIFF has, on several occasions, requested reimbursement of the actual expenses she has incurred, but was uniformly told that full reimbursement of these actual costs would not be provided.

30.    DEFENDANT has also informed PLAINTIFF and other members of the CLASS that they are to be charged for expenses associated with MedSurg Equipment costs, and that such costs are to be deducted from their wages. DEFENDANT has imposed such charges and made such deductions against the wages of employees in the CLASS, and has stated in writing that these charges and deductions will be imposed on PLAINTIFF.  These charges include, but are not limited to charges for trial cots which the employee is required to have and store as part of the employee's work duties.

31.    DEFENDANT also fails to timely pay earned commissions to PLAINTIFF and the other members of the CLASS as required by the California Labor Code and the uniform employment agreement.  DEFENDANT misrepresents sales figures so as to deny commission wages, deny non-discretionary bonus compensation and deny goals.  DEFENDANT improperly puts the burden on the employee to correct commission and wage payment calculations.  Even when DEFENDANT admits a mistake, DEFENDANT unreasonably delays the payment of the correct amount to the employee, which results in hardship and detriment to the employee.

## JURISDICTION AND VENUE

32.    This Court has jurisdiction over this action pursuant to pursuant to Cal. Civ. Proc. Code § 410.10, Cal. Civ. Proc Code § 1060, and Cal. Business & Professions Code §17203. The action is brought pursuant to Cal. Civ. Proc. Code § 382.  PLAINTIFF brings the First, Second Third, Fourth, Fifth and Sixth Causes of Action on behalf of all persons within the CLASS defined herein, and the Seventh and Eighth Causes of Action on behalf of herself individually.

33.    Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because PLAINTIFF resides in San Diego County, California, because DEFENDANT does not reside in the state, and because PLAINTIFF's employment contract is to be performed in San Diego County.

### FIRST CAUSE OF ACTION
#### For Unlawful, Unfair and Deceptive Business Practices

#### [Cal. Bus. And Prof. Code § 17200 *et seq.*]

#### (By PLAINTIFF and the CLASS and against DEFENDANT)

34.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.     DEFENDANTS are "persons" as that term is defined under California Business & Professions Code § 17021.

36.     California Business & Professions Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

37.     By the conduct alleged hereinabove and in the Claims for Relief, DEFENDANT's practices violated and continue to violate California law, and specifically provisions of the California Labor Code, including Sections 201, 202, 204, 221, and 2802, for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully deducted and reimbursement wrongfully denied.

38.     By the conduct alleged hereinabove and in the Claims for Relief, DEFENDANT's practices were unfair in that these practices violate California public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility, for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully deducted and reimbursement of expenses incurred that were wrongfully denied.

39.     By the conduct alleged hereinabove and in the Claims for Relief, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's practice was to represent to employees that they were not entitled to expense reimbursement,, when in fact these representations were false and likely to deceive, for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully deducted and reimbursement of expenses incurred that were wrongfully denied.

1    40.    By and through the unfair and unlawful business practices described hereinabove,

2   DEFENDANT has obtained valuable property, money, and services from the PLAINTIFF, and the other

3   members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all

4   to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete.

5    41.    All the acts described herein as violations of, among other things, the Cal. Lab. Code,

6   are unlawful and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous,

7   are deceptive, and thereby constitute unfair, deceptive and unlawful business practices in violation of

8   Cal. Bus. and Prof. Code § 17200 *et seq.*

9    42.    PLAINTIFF, and the other members of the CLASS, are further entitled to, and do,

10   seek a declaration that the above described business practices are unfair and unlawful and that an

11   injunctive relief should be issued restraining DEFENDANT from engaging in any of these unfair and

12   unlawful business practices in the future.

13    43.    PLAINTIFF, and the other members of the CLASS, have no plain, speedy, and/or

14   adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.

15   Further, the practices herein alleged presently continue to occur unabated. As a result of the unfair and

16   unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have

17   suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing

18   to engage in these unfair and unlawful business practices. In addition, DEFENDANT should be

19   required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CLASS.

20

21                        **SECOND CAUSE OF ACTION**

22                          **For Failure to Indemnify**

23                          **[Cal. Lab. Code § 2802]**

24             **(By PLAINTIFF and the CLASS and Against DEFENDANT)**

25    44.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this

26   reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

27    45.    Cal. Lab. Code § 2802 provides, in relevant part, that:

28             An employer shall indemnify his or her employee for all necessary expenditures or

losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

46.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF, and all the members of the CLASS for all expenditures or losses incurred in direct consequence of the discharge of PLAINTIFF'S duties.  In particular, DEFENDANT requires PLAINTIFF and the other members of the CLASS to incur expenses for printing, computers, internet access, shipping, vehicle usage, insurance, out of town hotels, MedSurg Equipment storage, MedSurg Equipment costs, marketing, ink and toner.  As a result, these expenses by PLAINTIFF and the members of the CLASS were  necessary to perform the job duties and requirements of DEFENDANT.  Although these expenses were necessary expenditures incurred by PLAINTIFF and the members of the CLASS, DEFENDANT failed to fully indemnify and reimburse these employees for all of the actual expenses as an employer is required to do under the laws and regulations of California.

47.     Thus, PLAINTIFF and the members of the CLASS were forced to contribute to the expenses of the DEFENDANT'S business, which expenses must be refunded by DEFENDANT to each member of the CLASS.

48.     Cal. Lab. Code § 2802 provide for interest at the statutory post judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

49.     PLAINTIFF, therefore, demands reimbursement for expenditures or losses incurred by him and the members of the CLASS in direct consequence of the discharge of their duties, or their obedience to the directions of the DEFENDANT with interest at the statutory rate and statutory costs as provided by Cal. Labor Code § 2802.

## THIRD CAUSE OF ACTION

### For Violation of Labor Code §204

### (By PLAINTIFF and the CLASS and against DEFENDANT)

50.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 49 of this Complaint.

51.     California Labor Code § 204 provides in relevant part:

(a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

52.     DEFENDANT's employment practices uniformly fail to comply with California Labor Code § 204 with respect to PLAINTIFF and the other members of the CLASS because earned commission wages was not paid twice during each calendar month.

53.     DEFENDANT's employment practices also uniformly fail to comply with California Labor Code § 204 with respect to PLAINTIFF and the other members of the CLASS because DEFENDANT fails to correctly pay commission wages earned on sales during the prior calendar month.

54.     DEFENDANT's employment practices also uniformly fail to comply with California Labor Code § 204 with respect to PLAINTIFF and the other members of the CLASS because when there is an admitted error in DEFENDANT's payment of wages, DEFENDANT's written policy is to only "pay the corrected amount with the payroll issued on the 15th of the month following the month in which the error is determined." As a result, commission wages are regularly not paid to the employee until 60 or more days after the wages are earned by the employee.

55.     Under California law, PLAINTIFF and the other members of the CLASS may bring a cause of action for the nonpayment of wages as required by Labor Code §204 under Labor Code § 218.5.

## FOURTH CAUSE OF ACTION

### For Breach of Contract

### (By PLAINTIFF and the CLASS and against DEFENDANT)

56.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this

1    reference, as though fully set forth herein, paragraphs 1 through 55 of this Complaint.

2        57.     DEFENDANT the members of the have CLASS entered into employment agreements

3    under which the employee agreed to perform sales work in exchange for receipt of commissions on

4    sales within their territory.  The written agreements all uniformly provide that the employee will be

5    timely paid their commissions on the 15th of the month for the sales from the prior month.  The written

6    agreements also provide that employees will receive non-discretionary bonus compensation when they

7    reach certain sales goals within a month and within the year.

8        58.     DEFENDANT uniformly breached these employment agreements with the CLASS by

9    failing to timely pay earned commissions on sales as represented in the employment agreements.

10    DEFENDANT also breaches these employment agreements with the CLASS because the incorrect sales

11    figures and commissions results in the denial of non-discretionary bonus compensation to the

12    employees.

13        59.     As a result of these breaches, PLAINTIFF and the other members of the CLASS have

14    been damaged in an amount to proven at trial.

15

16                       **FIFTH CAUSE OF ACTION**

17          **For Breach of the Implied Covenant of Good Faith and Fair Dealing**

18            **(By PLAINTIFF and the CLASS and against DEFENDANT)**

19        60.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate as though

20    fully set forth herein, paragraphs 1 through 59 of this Complaint.

21        61.     DEFENDANT the members of the have CLASS entered into employment agreements

22    under which the employee agreed to perform sales work in exchange for receipt of commissions on

23    sales within their territory.  The employment agreements further provide that the employees will be

24    evaluated based upon a sales analysis under which PLAINTIFF was eligible to receive additional

25    compensation.  These terms are set forth in a document entitled the 2010 EMS Territory Manager

26    Compensation Program.

27        62.     Under California law, every agreement contains an implied covenant of good faith

28    and fair dealing that a party will take no action which deprives the other party of the right to enjoy the

1 benefits of the contract.  Thus, DEFENDANT's agreement with PLAINTIFF contains an implied

2 covenant that DEFENDANT will act toward Plaintiff and the class in good faith and fair dealing, and

3 not deprive PLAINTIFF of a benefit of the agreement.

4      63.     DEFENDANT and DEFENDANT's agent(s) have engaged in conduct towards the

5 employees in the CLASS that was performed in bad faith and with the intent to deprive PLAINTIFF

6 and the other members of the CLASS of the benefits of their employment agreement.  DEFENDANT's

7 conduct includes the unilateral shifting of sales away from sales employees and/or their territory in order

8 to deny or reduce commissions, the intentional delay of sales and/or financing so as to manipulate sales

9 figures, delay commissions and/or deny commissions, the use of misleading sales analysis, the denial

10 of access to customers in their territory, and discriminatory treatment of PLAINTIFF due to her gender.

11      64.     By reason of the unilateral conduct of DEFENDANT and DEFENDANT's agent(s)

12 as alleged herein above, DEFENDANT has breached the covenant of good faith and fair dealing with

13 respect to the members of the CLASS and has undermined the value of and benefit derived from their

14 employment agreements.

15

16                **SIXTH CAUSE OF ACTION**

17        **For Failure to Provide Accurate Itemized Statements**

18                 **[Cal. Lab. Code § 226]**

19        **(By PLAINTIFF and the CLASS and against DEFENDANT)**

20      65.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this

21 reference, as though fully set forth herein, paragraphs 1 through 64 of this Complaint.

22      66.     Cal. Labor Code § 226 provides that an employer must furnish employees with

23 an "accurate itemized statement in writing" showing:

24      (1) gross wages earned,

25      (2) total hours worked by the employee, except for any employee whose compensation is solely

26      based on a salary and who is exempt from payment of overtime under subdivision (a) of Section

27      515 or any applicable order of the Industrial Welfare Commission,

28      (3) the number of piecerate units earned and any applicable piece rate if the employee is paid

1      on a piece-rate basis,

2      (4) all deductions, provided that all deductions made on written orders of the employee may be

3      aggregated and shown as one item,

4      (5) net wages earned,

5      (6) the inclusive dates of the period for which the employee is paid,

6      (7) the name of the employee and his or her social security number, except that by January 1,

7      2008, only the last four digits of his or her social security number or an employee identification

8      number other than a social security number may be shown on the itemized statement,

9      (8) the name and address of the legal entity that is the employer, and

10     (9) all applicable hourly rates in effect during the pay period and the corresponding number of

11     hours worked at each hourly rate by the employee.

12     67.     At all times relevant herein, DEFENDANT violated Labor Code § 226, in that

13     DEFENDANT failed to properly and accurately itemize the gross wages earned and the net wages

14     earned for the employees in the CLASS.

15     68.     DEFENDANT knowingly and intentionally failed to comply with Labor Code

16     § 226, causing damages to PLAINTIFF, and the other members of the CLASS. These damages include,

17     but are not limited to, costs expended calculating the true hours worked and the amount of employment

18     taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to

19     estimate.  Therefore, PLAINTIFF, and the other members of the CLASS may recover liquidated

20     damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each

21     violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at

22     the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of

23     the CLASS herein) pursuant to Labor Code § 226(g).

24

25

26                              **SEVENTH CAUSE OF ACTION**

27                      **For Unlawful, Unfair and Deceptive Business Practices**

28                          **[Cal. Bus. And Prof. Code § 17200 *et seq.*]**

**(By PLAINTIFF and against DEFENDANT)**

69.   PLAINTIFF, on behalf of herself individually, realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 64 of this Complaint.

70.   California Business & Professions Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

71.   DEFENDANT and DEFENDANT's agent(s) have engaged in conduct towards that PLAINTIFF that was unlawful, unfair and deceptive, and with the intent to deprive PLAINTIFF of the benefits of her employment agreement. DEFENDANT's conduct includes the unilateral shifting of sales away from PLAINTIFF and/or her territory to deny her commissions, the intentional delay of sales and/or financing so as to manipulate sales figures and/or deny her commissions wages, the use of misleading or incorrect sales analysis to deny commission wages and/or non-discretionary bonuses, the denial of access by PLAINTIFF to customers in her territory, and discriminatory treatment of PLAINTIFF due to her gender. Further, DEFENDANT failed to provide PLAINTIFF with full reimbursement of expenses incurred for hotel expenses in attending a conference as instructed by DEFENDANT and reimbursement of expenses incurred as a result of property damage resulting from an auto accident that occurred while performing work duties.

72.   By the conduct alleged hereinabove, DEFENDANT's practices violated and continue to violate California law, and specifically provisions of the California Labor Code, including Sections 201, 202, 204, 221, and 2802, for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of moneys wrongfully withheld and reimbursement wrongfully denied.

73.   By the conduct alleged hereinabove and in the Claims for Relief, DEFENDANT's practices were unfair in that these practices violate California public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility, for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld and reimbursement of expenses incurred that were wrongfully denied.

74.   By the conduct alleged hereinabove and in the Claims for Relief, DEFENDANT's

20

COMPLAINT

1  practices were deceptive and fraudulent in that DEFENDANT's practice was to misrepresent MedSurg

2  Equipment sales figures so as to assert that PLAINTIFF they was not entitled to commission wages and

3  was below standards, when in fact these representations were false and likely to deceive, for which this

4  Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203,

5  including restitution of wages wrongfully withheld and reimbursement of expenses incurred that were

6  wrongfully denied.

7       75.     By and through the unfair and unlawful business practices described hereinabove,

8  DEFENDANT has obtained valuable property, money, and services from the PLAINTIFF, and has

9  deprived her of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit

10 of DEFENDANT so as to allow DEFENDANT to unfairly compete.

11      76.     All the acts described herein as violations of, among other things, the Cal. Lab.

12 Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are

13 unlawful and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, are

14 deceptive, and thereby constitute unfair, deceptive and unlawful business practices in violation of Cal.

15 Bus. and Prof. Code § 17200 *et seq.*

16      77.     PLAINTIFF is further entitled to, and does seek a declaration that the above

17 described business practices are unfair and unlawful and that an injunctive relief should be issued

18 restraining DEFENDANT from engaging in any of these unfair and unlawful business practices in the

19 future.

20      78.     PLAINTIFF has have no plain, speedy, and/or adequate remedy at law that will end

21 the unfair and unlawful business practices of DEFENDANT.  Further, the practices herein alleged

22 presently continue to occur unabated.  As a result of the unfair and unlawful business practices

23 described above, PLAINTIFF has suffered and will continue to suffer irreparable harm unless

24 DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.

25 In addition, DEFENDANT should be required to disgorge the unpaid moneys and withheld

26 reimbursement to PLAINTIFF.

27

28                      **EIGHTH CAUSE OF ACTION**

**Declaratory Relief**

**(By PLAINTIFF and against DEFENDANT)**

79.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 74 of this Complaint.

80.    California Code of Civil Procedure §1060 expressly authorizes this claim as follows: "Any person... who desires a declaration of his or her rights with respect to another... may... bring an original action or cross-complaint in the superior court." The "declaration [from the Court] may be had even before there has been any breach of the obligation with respect to which said declaration is sought." C.C.P. § 1060.

81.    There currently exists between the parties an actual controversy regarding the respective rights and liabilities of the parties regarding, *inter alia*, the obligation of DEFENDANT to provide expense reimbursement for expenses incurred by PLAINTIFF in the performance of her duties, expenses to be incurred by PLAINTIFF in the performance of her duties, and deductions and expenses which DEFENDANT intends to impose on PLAINTIFF. PLAINTIFF contends that the DEFENDANT is legally obligated under California Labor Code §2802 to provide full reimbursement of the actual expenses incurred by PLAINTIFF in the performance of her duties, and DEFENDANT contends that DEFENDANT need not reimburse the actual expenses incurred by PLAINTIFF. Further, PLAINTIFF contends that DEFENDANT may not deduct the cost of MedSurg Equipment from her compensation under Labor Code § 221 and may not impose these business expenses on PLAINTIFF, and DEFENDANT contends that DEFENDANT may deduct the cost of MedSurg Equipment from her compensation and may impose these business expenses on PLAINTIFF. Accordingly, declaratory relief is necessary to adjudicate the right of Plaintiff and the members of the CLASS on the one hand, and DEFENDANT on the other, to said controversy.

77.    There also currently exists between the parties an actual controversy regarding the respective rights and liabilities of the parties regarding, *inter alia*, the obligation of DEFENDANT to pay commission wages to PLAINTIFF and other members of the CLASS for sales and the date by which such wages must be paid. PLAINTIFF contends that the DEFENDANT is legally obligated under California Labor Code §204 to timely pay for all earned commission wages based upon sales

22
COMPLAINT

1  figures, and DEFENDANT contends that DEFENDANT need not pay all earned commission wages

2  within the time required by Labor Code § 204 and disputes the sales figures. Accordingly, declaratory

3  relief is necessary to adjudicate the right of PLAINTIFF and members of the CLASS on the one hand,

4  and DEFENDANT on the other, to said controversy.

5

6                                            **PRAYER**

7          WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

8  as follows:

9          A)    Damages, according to proof at trial due PLAINTIFF and the other members of the

10               CLASS, plus interest thereon at the statutory rate;

11         B)    Restitution, according to proof at trial, due PLAINTIFF and the other members of the

12               CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory

13               rate;

14         C)    An order temporarily, preliminarily and permanently enjoining and restraining

15               DEFENDANT under California Business & Professions Code §17203 from engaging

16               in the conduct adjudicated to be an unfair, unlawful and/or deceptive business practice

17               as set forth herein;

18         D)    A declaration of PLAINTIFF's right and the DEFENDANT's obligations;

19         E)    An award of interest, including prejudgment interest at the legal rate;

20         F)    An award of statutory damages, penalties and statutory costs, however, neither this

21               prayer nor any other allegation or prayer in this Complaint is to be construed as a

22               request, under any circumstance, that would result in a request for attorneys' fees under

23               Cal. Lab. Code § 218.5; and,

24         G)    Such other and further relief as the Court deems just and proper.

25  Dated:   June 17, 2010                    BLUMENTHAL, NORDREHAUG & BHOWMIK

26

27                                           By:
                                                 Norman B. Blumenthal
28                                               Attorneys for PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.


Dated:   June 17, 2010                           BLUMENTHAL, NORDREHAUG & BHOWMIK


                                                 By:_____
                                                        Norman B. Blumenthal
                                                        Attorneys for PLAINTIFF


K:\D\NBB\Skeen v. Stryker\p-Complaint-FINAL.wpd

EXHIBIT B

# BLUMENTHAL, NORDREHAUG & BHOWMIK

**FACSIMILE**
(858) 551-1232

2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

**TELEPHONES**
(858) 551-1223

WRITERS EXT:
127

WRITERS E-MAIL:
Kyle@bamlawlj.com

June 30, 2010
CA443

## VIA U.S. MAIL

Stryker Sales Corporation
c/o - CT Corporation
818 West 7th Street
Los Angeles, CA 90017

Stryker Sales Corporation
c/o Human Resources / Ethics
2825 Airview Boulevard
Kalamazoo, MI  49002

Re:   *Skeen v. Stryker Sales Corp.*, San Diego Case No. 37-2010-00094334

Dear Stryker Sales Corporation:

Please find the attached lawsuit entitled *Skeen v. Stryker Sales Corp.*, Case No. 37-2010-00094334, filed in the San Diego Superior Court. Our offices represent Rhoda Skeen, who is the Plaintiff in the above entitled action. This lawsuit alleges that Stryker has violated California law with respect to Ms. Skeen and other employees.

Please be advised that because Ms. Skeen is a current employee, we are concerned about potential retaliation against Ms. Skeen by Stryker, management and/or her supervisor. This letter is intended to put you on notice of the lawsuit and your legal obligation to insure that there is no retaliation directed to or harassment of Ms. Skeen. I expect that Stryker will take the necessary steps to preserve the status quo and insure that there is no adverse action or harassment directed towards Ms. Skeen while this dispute is resolved.

Should Stryker fail to comply with its legal obligation under California and United States law to prevent retaliation or harassment of Ms. Skeen, including conduct which would cause the loss of commission compensation to Ms. Skeen, I assure you that we will take all appropriate actions under the law in response.

Your immediate attention to this correspondence is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

Kyle R. Nordrehaug, Esq.

Encl.

**EXHIBIT C**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2010 JUN 17 P 2: 53

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STRYKER SALES CORPORATION, a Michigan Corporation; DOES 1
to 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RHODA SKEEN, on behalf of herself, and on behalf of all persons
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
Hall of Justice
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número de Caso):*
**37-2010-00094334-CU-OE-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal    (Bar # 68687)          Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037   Phone No.: (858) 551-1223

DATE:                                  Clerk, by                          , Deputy
*(Fecha)* JUN 17 2010      *(Secretario)* **D. JOHNSON**         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal (State Bar # 68687)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO: (858) 551-1223    FAX NO: (858) 551-1232<br>ATTORNEY FOR (Name): Plaintiff RHODA SKEEN | FILED<br>CIVIL BUSINESS OFFICE 13<br>CENTRAL DIVISION<br><br>2010 JUN 17 P 2: 53<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
### SKEEN v. STRYKER SALES CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2010-00094334-CU-OE-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence     f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): EIGHT (8)

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 17, 2010

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

**EXHIBIT  E**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101 | |
| BRANCH NAME:     Central | |
| TELEPHONE NUMBER: (619) 450-7069 | |

| PLAINTIFF(S) / PETITIONER(S):     Rhonda Skeen |
|---|

| DEFENDANT(S) / RESPONDENT(S):  Stryker Sales Corporation |
|---|

| SKEEN VS. STRYKER SALES CORPORATION | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2010-00094334-CU-OE-CTL |

Judge:  Jeffrey B. Barton                                            Department: C-69

**COMPLAINT/PETITION FILED:** 06/17/2010

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**EXHIBIT F**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00094334-CU-OE-CTL        CASE TITLE: Skeen vs. Stryker Sales Corporation

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2010 JUL 28  P 3: 18

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   THEODORA R. LEE, Bar No. 129892
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street
3   20th Floor
    San Francisco, CA  94108.2693
4   Telephone:.   415.433.1940
    Fax No.:      415.399.8490
5
    LENA K. SIMS, Bar No. 212904
6   LITTLER MENDELSON
    A Professional Corporation
7   501 West Broadway
    Suite 900
8   San Diego, CA  92101-3577
    Telephone:   619.232.0441
9   Fax No.:     619.232.4302

10  Attorneys for Defendant
    STRYKER SALES CORPORATION

11

12

13              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

14                     COUNTY OF SAN DIEGO            BY FAX

15  RHODA SKEEN, on behalf of herself, and    Case No.  37-2010-00094334-CU-OE-CTL
    on behalf of all persons similarly situated,
16                                             DEFENDANT STRYKER SALES
                   Plaintiff,                  CORPORATION'S ANSWER TO CLASS
17                                             ACTION COMPLAINT AND DEMAND
           v.                                  FOR JURY TRIAL
18
    STRYKER SALES CORPORATION, a
19  Michigan Corporation; DOES 1 to 100,
    Inclusive,
20
                   Defendant.
21

22          Defendant   STRYKER   SALES   CORPORATION   ("Defendant"),   through   the

23  undersigned counsel, hereby answers Plaintiff RHODA SKEEN's ("Plaintiff") Class Action

24  Complaint ("Complaint") as follows:

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT (CASE NO. 37-2010-00094334-CU-OE-CTL)

# I.

## GENERAL DENIAL

Pursuant to the provision of the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint as alleged against Defendant. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof or the part of Defendant.

# II.

## AFFIRMATIVE DEFENSES AND DEFENSES

Defendant states the following as separate affirmative defenses to Plaintiff's Complaint:

1.      AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges that the Complaint, and each and every cause of action contained therein, fails to properly state a claim upon which relief can be granted against Defendant.

2.      AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel.

3.      AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges that all or portions of Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Business and Professions Code section 17208, and California Code of Civil Procedure sections 338, 340, and 343.

4.      AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges that Plaintiff's claims under the California Labor Code, including Labor Code sections 204 and 226 are barred because Plaintiff lacks a private right of action to bring suit under that statute.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT (CASE NO. 37-2010-00094334-CU-OE-CTL)

1    5.    AS AND FOR A FIFTH , SEPARATE AND AFFIRMATIVE DEFENSE TO

2  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

3  alleges that all or portions of Plaintiff's claims are barred by the doctrine of laches.

4    6.    AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

5  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

6  alleges that all or portions of Plaintiff's claims are barred by the doctrine of unclean hands.

7    7.    AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

8  TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

9  alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences

10  because Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to

11  her, and the reasonable use of those procedures would have prevented at least some, if not all, of the

12  harm Plaintiff allegedly suffered.

13    8.    AS AND FOR AN EIGHTH , SEPARATE AND AFFIRMATIVE DEFENSE

14  TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

15  alleges that Plaintiff's claims are barred by the doctrine of unjust enrichment.

16    9.    AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

17  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

18  alleges that its business actions or practices were not "unfair" within the meaning of California

19  Business and Professions Code § 17200 et seq.

20    10.    AS AND FOR TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

21  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

22  alleges that its business actions or practices were not "unlawful" within the meaning of California

23  Business and Professions Code § 17200 et seq.

24    11.    AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE

25  DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

26  Defendant alleges that its business actions or practices were not "harmful" within the meaning of

27  California Business and Professions Code § 17200 et seq.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT (CASE NO. 37-2010-00094334-CU-OE-CTL)

1        12.   AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE

2    TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

3    alleges that its business actions or practices were not "fraudulent" or "deceptive" within the meaning

4    of California Business and Professions Code § 17200 et seq.

5        13.   AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE

6    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

7    Defendant alleges that Plaintiff's claims for recovery pursuant to California Business and

8    Professions Code section 17200 et seq. are barred with respect to penalties of any nature.

9        14.   AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE

10   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

11   Defendant alleges that, to the extent Plaintiff seeks statutory or other penalties, such claims must

12   comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and

13   *Simon v. San Paolo U.S. Holding Co., Inc.* 35 Cal.4[th] 1159 (2005).

14       15.   AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE

15   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

16   Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred

17   because the provisions of the California Labor Code are unconstitutionally vague and ambiguous

18   and violate Defendant's rights under the United States and California Constitutions to, among other

19   things, due process of law.

20       16.   AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE

21   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

22   Defendant alleges that Plaintiff's prayers for restitution, disgorgement, or equitable relief under

23   California Business and Professions Code section 17200 et seq. are barred with respect to any

24   alleged violations that have discontinued, ceased, or are not likely to recur.

25       17.   AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE

26   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

27   Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's alleged

28   injuries were not proximately caused by any unlawful policy, custom, practice or procedure

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT (CASE NO. 37-2010-00094334-CU-OE-CTL)

1    promulgated or tolerated by Defendant.

2           18.    AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE

3    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

4    Defendant alleges that, even assuming arguendo that Defendant violated a statute in the California

5    Labor Code or California Business & Professions Code, or violated an Industrial Welfare

6    Commission Order, any such violation was the result of an act or omission in good faith, and

7    Defendant had reasonable grounds for believing such act or omission was not a violation of any

8    statute, order, regulation or contractual policy.

9           19.    AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE

10   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

11   Defendant alleges that the Complaint fails to properly state a claim for prejudgment interest, as the

12   damages claimed are not sufficiently certain to support an award of prejudgment interest.

13          20.    AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE

14   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

15   Defendant alleges that the Complaint fails to properly state a claim for recovery of costs and

16   attorney's fees under California Labor Code sections 218.5, 226(e), 1194, or 2802, or any other

17   basis.

18          21.    AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE

19   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

20   Defendant alleges that the Complaint fails to properly state a claim for recovery of compensatory

21   damages based upon wages due and owing, restitution, disgorgement, or any other basis.

22          22.    AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE

23   DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

24   Defendant alleges that this suit may not be properly maintained as a class action because: (a)

25   Plaintiff cannot establish the necessary procedural elements for, class treatment; (b) a class action is

26   not an appropriate method for the fair and efficient adjudication of the claims described in the

27   Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues

28   predominate; (d) Plaintiff's claims are not representative or typical of the claims of the putative

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT (CASE NO. 37-2010-00094334-CU-OE-CTL)

1     class; (e) Plaintiff and alleged putative class counsel are not adequate representatives for the alleged

2     putative class; (f) Plaintiff cannot satisfy any of the requirements for class action treatment, and class

3     action treatment is neither appropriate nor constitutional; (g) a class action is not the superior means

4     to litigate and try this case; and (h) the alleged putative class is not ascertainable, nor are its

5     members identifiable.

6            23.     AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE

7     DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

8     Defendant alleges that the adjudication of the claims of the putative class through generalized class-

9     wide proof would violate Defendant's rights to trial by jury under the United States Constitution and

10     the California Constitution.

11           24.     AS AND FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE

12     DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

13     Defendant alleges that the claims of Plaintiff and the putative class members they seek to represent

14     are misjoined, as their rights to recover require individual analysis, do not present a predominance of

15     common questions of law or fact, and are unsuited for determination on a class or representative

16     basis, neither of which is a superior means of adjudicating their claims.

17           25.     AS AND FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE

18     DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

19     Defendant alleges that Plaintiff's Complaint and each purported cause of action therein, or some of

20     them, are barred because Plaintiff lacks standing as a representative of the proposed class and as

21     representative of the group of allegedly similarly situated individuals she seeks to represent, and do

22     not adequately represent the putative class members or other employees of Defendant.

23           26.     AS AND FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE

24     DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

25     Defendant alleges that prosecution of this action by Plaintiff and the putative class members as a

26     class action or as a representative action under Business and Professions Code Section 17200, *et.*

27     *seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's

28     substantive and procedural due process rights under the Fourteenth Amendment of the United States

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.

1    Constitution and under the Constitution and laws of the State of California.

2    27.    AS AND FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE

3    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

4    Defendant alleges that Plaintiff's claims are barred by the doctrines of waiver and consent.

5    28.    AS AND FOR A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE

6    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

7    Defendant alleges that to the extent that Plaintiff and the putative class members, or some of them,

8    seek to recover equitable relief, Plaintiff and the putative class members are not entitled to such

9    relief because they have an adequate remedy at law.

10    29.    AS AND FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE

11    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

12    Defendant alleges that even if, *arguendo,* Plaintiff could establish a claim for damages, Plaintiff fails

13    to mitigate such damages, if any.

14    30.    AS AND FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE

15    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

16    Defendant alleges that the imposition of multiple individual penalties would deprive Defendant of its

17    fundamental Constitutional right to due process.

18    31.    AS AND FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE

19    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

20    Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members were

21    not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative

22    class members are not entitled to recover damages because Plaintiff was not "injured" thereby and

23    because Defendant's alleged failure to comply with California Labor Code section 226 was not a

24    "knowing and intentional failure" under California Labor Code section 226.

25    32.    AS AND FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE

26    DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

27    Defendant alleges that Plaintiff and the putative class members did not necessarily incur

28    "expenditures and losses" as defined under California Labor Code section 2802 and any award of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

7.

1 such expenditures and/or losses would unjustly enrich Plaintiff and the putative class members.

2      33.    AS AND FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE

3 DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

4 Defendant alleges that Plaintiff's claims fail because Plaintiff has been fully compensated for any

5 commissions or wages owed, and by accepting the payments made to her, has effectuated an accord

6 and satisfaction.

7      34.    AS AND FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE

8 DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

9 Defendant alleges that Plaintiff's claims fail because all earned commissions were paid in

10 compliance with California Labor Code section 204.

11      35.    AS AND FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE

12 DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

13 Defendant alleges that Plaintiff's claims fail because any reductions in commissions occurred as a

14 result of the employee not meeting contractual conditions precedent for earning those commissions.

15      36.    AS AND FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE

16 DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

17 Defendant is informed and believes and thereon alleges that any of its conduct which is alleged to

18 have been unlawful or improper was taken as a result of misrepresentation or other wrongful conduct

19 by Plaintiff.

20      37.    AS AND FOR A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE

21 DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

22 Defendant opposes class certification and disputes the propriety of class treatment.  If the Court

23 certifies a class action in this case over Defendant's objections, then Defendant asserts the

24 affirmative defenses set forth herein against each and every member of the certified class.

25      38.    AS AND FOR A THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE

26 DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT,

27 Defendant alleges that Plaintiff's claims are barred by the statute of limitations set forth in the

28 Stryker Medical Employee Handbook, as acknowledged by Plaintiff; and, accordingly, Plaintiff has

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

8.

1    waived any statue of limitations to the contrary.

2          Defendant has not yet completed a thorough investigation and study or completed

3    discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly,

4    reserves the right to amend, modify, revise, or supplement its Answer, and to plead such further

5    defenses and take such further actions as they may deem proper and necessary in its defense upon

6    the completion of said investigation and study.

7                                    **III.**

8                          **PRAYER FOR RELIEF**

9          WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

10         1.    Plaintiff takes nothing by virtue of the claims filed herein and that the claims

11   be dismissed in their entirety with prejudice;

12         2.    For all reasonable costs incurred by Defendant in connection with the defense

13   of this matter;

14         3.    For attorneys' fees; and

15         4.    For such other and further relief as the Court may deem proper.

16

17   Dated: July 28, 2010

18

19                                          THEODORA R. LEE
20                                          LITTLER MENDELSON
                                            A Professional Corporation
21                                          Attorneys for Defendant
                                            STRYKER SALES CORPORATION

22

23   Firmwide:96380229.1 028459.1039

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

9.

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July 28, 2010, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT STRYKER SALES CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

in a sealed envelope, postage fully paid, addressed as follows:

Norman B. Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik, Esq.
BLUMENTHAL, NORDREHAUG &
BHOWMIK
2255 Calle Clara
La Jolla, CA 92037.

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 28, 2010, at San Francisco, California.

_____
Cynthia K. Montague

Firmwide:96582057.1 028459.1039

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
RHODA SKEEN

### DEFENDANTS
STRYKER SALES CORPORATION, a Michigan Corporation;
DOES 1 to 100, Inclusive

**(b)** County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **MICHIGAN**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
NORMAN B. BLUMENTHAL, ESQ.
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 CALLE CLARA
LA JOLLA, CA 92037

Attorneys (If Known)
THEODORA R. LEE, ESQ.; LENA K. SIMS, ESQ.
LITTLER MENDELSON
501 W. Broadway, Suite 900
SAN DIEGO, CA 92101-3577

'10 CV 1592 JAH BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [X] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus — Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTIONS 1332(A), 1441(B) AND 1446
Brief description of cause:
Violations of Labor Code §§ 204 and 2802; Breach of Contract; etc.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

DATE
JULY 29, 2010

SIGNATURE OF ATTORNEY OF RECORD

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016404
Cashier ID: mbain
Transaction Date: 07/30/2010
Payer Name: NATIONWIDE LEGAL
----------------------------------
CIVIL FILING FEE
 For: SKEEN V STRYKER SALES CORP
 Case/Party: D-CAS-3-10-CV-001592-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 127545
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.